ORD. PET.

Case 14.

## Payne *vs.* Witherspoon.

### ERROR TO FRANKLIN CIRCUIT.

1. Under the Code no personal judgment can be rendered against a defendant who is constructively served with process, and who has not appeared to the action; the judgment can only be *in rem* and not *in personam.*

2. No order for the sale of real property, attached of an absent defendant, can be made unless an affidavit be filed that the defendant has no personal property, or not sufficient to satisfy the demands in the state known to plaintiff. (*Code, section* 272.) The making such order of sale without the affidavit is an error of the court, not a clerical error.

3. That the Code of Practice, (*section* 446,) allowing an absent defendant, constructively served with process, to appear in the circuit court at any time within five years after the judgment and move a re-trial of the action, does not preclude such defendant from reversing an erroneous judgment against him in the court at any time for errors apparent in the record. If the judgment be apparently *regular* but *unjustly* obtained, he may pursue the other course.

4. The 441st section of Code of Practice requires, that before any judgment can be rendered upon attachment against an absent defendant, that an attorney be appointed by the court to defend for him, and bond given to the absent defendant, with surety, to restore the property. &c., before any order of sale.

December 19.

Judge SIMPSON delivered the opinion of the court.

Case stated.

Witherspoon brought an action by ordinary proceedings against Payne, on a note for two hundred and forty-two dollars and fifty cents. He filed an affidavit, at the time he commenced his action, with the clerk of the court, in which he stated that the defendant had been absent from the state of Kentucky for more than four months; that the debt sued for was just, and he had a right to recover the whole amount thereof. The clerk, thereupon, issued an attachment

against the defendant's property, and made a warning order against him, as authorized by section 115, of the Code of Practice. The attachment was levied by the sheriff on the interest of the defendant in a tract of land, which was described in the return made by him. The defendant did not appear in the action, nor was there any summons served upon him. A judgment for the debt, interest, and costs was rendered against the defendant, and the sheriff was directed to sell the land upon which the attachment was levied, or so much thereof as was necessary to satisfy the judgment.

Payne, the defendant, has prosecuted a writ of error, and contends that the judgment and the order of sale are both unauthorized and illegal.

By the provisions of the Code no personal judgment can be rendered against a defendant, constructively summoned, who has not appeared in the action—*sec.* 451. The defendant in this case had been only constructively summoned, and not having appeared, the personal judgment, which was rendered against him, was improper. In such a case as the present the proceeding is against the property, the defendant himself being absent from the state, and the judgment of the court must be *in rem* and not *in personam.*

No affidavit was filed in this case by the plaintiff or his agent, to the effect that the defendant had no personal property, or not enough to satisfy the claim of the plaintiff, in this state, known to the affiant, as required by section 272 of the Code. Until such an affidavit be filed, no order for the sale of real property attached, can be legally made, and consequently the order of sale in this case was unauthorized and improper.

It is contended, however, that these errors are clerical misprisions, for which a writ of error cannot be maintained until a motion has been made to correct them in the court below. They are not, however, mere clerical misprisions, but are the errors of the court, and of such a character as authorizes the par-

1. Under the Code no personal judgment can be rendered against a defendant who is constructively served with process, and who has not appeared to the action; the judgment can only be *in rem*, and not *in personam.*

2. No order for the sale of real property attached of an absent defendant can be made unless an affidavit be filed that the defendant has no personal property, or not sufficient to satisfy the demands in the state known to plaintiff. (*Code, sec.* 272.) The making such order of sale without the affidavit is an error of the court, not a clerical error.

3. That the Code of Practice (sec. 446) allowing an absent defendant constructively served with process to appear in the circuit court at any time within five years after the judgment, and move a re-trial of the action, does not preclude such defendant from reversing an erroneous judgment against him in this court at any time for errors apparent in the record. If the judgment be apparently *regular* but *unjustly* obtained, he may pursue the other course.

ty aggrieved by them to prosecute a writ of error for their correction.

It is also contended, that inasmuch as the defendant could, under the provisions of the 446th section of the Code, have appeared in the court below at any time within five years after the rendition of the judgment, and moved a re-trial of the action, that therefore he cannot bring the case to this court to reverse the judgment, but must avail himself of the privilege, thus allowed him, to correct any errors that may exist in the proceedings to his prejudice. The right conferred upon a defendant, who has been only constructively summoned, and who did not appear, to make his appearance, after a judgment had been rendered against him, within the time specified and have a re-trial of the action, does not divest him of his right to reverse the judgment in this court, for errors apparent in the record. If the plaintiff in the court below has not proceeded according to law, and has improperly recovered a judgment against the defendant, the latter can reverse it in this court. If, however, the judgment is apparently regular and proper, but was unjustly obtained, then, the defendant's appropriate remedy is by moving for a re-trial in the circuit court. He can avail himself of either of these remedies, that the circumstances of the case may indicate, as the proper one.

4. The 441st section of Code of Practice requires that before any judgment can be rendered upon attachment against an absent defendant, that an attorney be appointed by the court to defend for him, and bond given to the absent defendant with surety to restore the prop-

But besides the irregularities already noticed, others seem to exist in this record. The plaintiff in error was proceeded against as an absent defendant, and according to the provisions of the 441st section of the Code, an attorney should have been appointed to defend for him, and give him information of the pendency of the action; a bond should also have been executed to him, by the plaintiff, with sufficient security, conditioned that the plaintiff should restore to him the property taken under the attachment, or the judgment in the action, provided he appeared within the period prescribed by law, and a restoration of the same should be adjudged. These requisitions of the

erty, &c., be-
fore any order
of sale.

Code were not complied with, but a personal judgment was rendered against the defendant, and the attached property ordered to be sold for its payment, in the same manner that it would have been done had there been actual service of process upon the defendant. This mode of proceeding, as the defendant had been only constructively summoned, was wholly unauthorized and erroneous.

Wherefore, said judgment and order of sale are reversed, and cause remanded for further proceedings in conformity with this opinion.

